# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERZY JABLONSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC H. HOLDER, JR., et al., ) <br> ) <br> Defendants. ) | Civil Action No. 13 CV 734 <br><br> Hon. Charles R. Norgle |

## ORDER

Defendants' Opposed Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [9] is granted. This case is terminated.

## STATEMENT

On November 26, 2012, the United States Citizenship and Immigration Services (USCIS) denied Plaintiff Jerzy Jablonski's ("Plaintiff") Form I-485, Application for Adjustment of Status ("Form I-485"), seeking to adjust his status to that of Lawful Permanent Resident. On January 30, 2013, Plaintiff filed a Complaint for Declaratory and Injunctive Relief and Petition for Review of Administrative Agency Actions against Defendants Eric H. Holder, Jr., Attorney General; Alejandro Mayorkas, Director, USCIS; Lori Pietropaoli, Acting District Director, USCIS; Janet Napolitano, Secretary, U.S. Department of Homeland Security; Martha Medina Maltes, Chicago Field Office Director, USCIS; and the United States of America (collectively, "Defendants"). On March 26, 2013, the United States Immigration and Customs Enforcement served Plaintiff and his counsel with a Notice to Appear ("NTA") in removal proceedings and filed the NTA with the immigration court. Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted.

"Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all." In re ALT Hotel, Inc., 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012) (internal quotation marks and citations omitted); see also Craig v. Ontario Corp., 543 F.3d 872, 874 (7th Cir. 2008) ("Naturally, the first question [the Court] must confront is that of jurisdiction."). In deciding a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in Plaintiff's complaint and draws all reasonable inferences in his favor. St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 626 (7th Cir. 2007) (citation omitted); see also Miller v. Fed. Deposit Ins. Corp., 738 F.3d 836, 840 (7th Cir. 2013). Where, as here, "subject-matter jurisdiction is disputed, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Miller, 738 F.3d at 840 (internal quotation marks and citation omitted). The burden of proof is on

Plaintiff, the party asserting jurisdiction. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003) (en banc), overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (7th Cir. 2012) (en banc).

Defendants argue that the Court lacks jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, for two reasons. First, Defendants argue that the USCIS's denial of his Form I-485 is not a final agency action subject to review under the APA. Section 704 provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." Id. Although Plaintiff concedes that he has the right to adjudicate his Form I-485 during his ongoing removal proceedings, see 8 C.F.R. § 1245.2(a)(1)(i); see also id. § 245.2(a)(5)(ii), he nonetheless argues that because the action is taking place in a separate agency, i.e., the Department of Justice as opposed to the Department of Homeland Security, the USCIS's denial of Plaintiff's Form I-485 constitutes a final agency action. The Court rejects this argument. The immigration judge presiding over Plaintiff's pending removal proceeding has de novo review over the USCIS's denial of his Form I-485. See 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i). "It is immaterial that this further review takes place in a different agency within a different executive department." Cabaccang v. U.S. Citizenship & Immigration Servs., 627 F.3d 1313, 1316 (9th Cir. 2010). Accordingly, because Plaintiff has failed to exhaust his administrative remedies, this suit is premature as the USCIS's denial of Plaintiff's Form I-485 is not yet a final agency action. See McBrearty v. Perryman, 212 F.3d 985, 987 (7th Cir. 2000).

This does not end the matter, however. Plaintiff also argues that he should be excused from the exhaustion requirement. Exhaustion of administrative remedies may be excused if:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

Iddir v. Immigration & Naturalization Serv., 301 F.3d 492, 498 (7th Cir. 2002) (internal quotation marks and citation omitted). Plaintiff argues that all four exceptions apply here. The Court disagrees. As to the first exception, Plaintiff complains that it will likely take years to adjudicate his Form I-485 before the immigration court. Specifically, Plaintiff points to immigration court statistics indicating that as of March 31, 2013, the Chicago Immigration Court (which has jurisdiction over Plaintiff's removal proceedings) had 18,145 cases pending with an average length until disposition of 577 days. Such statistics, however, neither suggest an indefinite timeframe, nor an unreasonable delay. See Nwauwa v. Holder, No. 12 C 2925, 2013 WL 842665, at *4 (N.D. Ill. Mar. 6, 2013). Next, Plaintiff argues that the immigration court lacks the ability to resolve the relief requested—an Order declaring, *inter alia*, that Plaintiff is eligible for adjustment of status, that Defendants' actions in denying Plaintiff's Form I-485 violated the APA, INA, the due process clause of the Fifth Amendment, and agency regulations; and, requiring that Defendants immediately reopen Plaintiff's adjustment of status proceedings and enjoining Defendants from denying his Form I-485. To the contrary, because the immigration court's review of Plaintiff's I-485 denial is de novo, this administrative process provides an avenue for all of the relief requested. Plaintiff's argument based on the third

2

exception—that the administrative process would be futile because the USCIS is biased or has predetermined the issue as to his eligibility—fails for the same reason. De novo review by the immigration court will necessarily overcome any alleged bias, which may have been present before the USCIS. With respect to the fourth exception, Plaintiff argues that he has raised substantial constitutional questions. However, as discussed below, Plaintiff's due process claim is wholly without merit. Thus, Plaintiff is not excused from the exhaustion requirement; and, therefore, the Court lacks jurisdiction under the APA.

Second, Defendants argue that 8 U.S.C. § 1252(a)(5) precludes district-court review over this case. "District courts do not have jurisdiction over an APA challenge to federal-agency action when another federal statute specifically precludes review." Kightlinger v. Napolitano, 500 F. App'x 511, 515 (7th Cir. 2013) (citing Califano v. Sanders, 430 U.S. 99, 108 (1977)) (non-precedential order). "It is well settled that when Congress has established a particular review mechanism, courts are not free to fashion alternatives to the specified scheme." McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 502 (1991) (citations omitted). Pursuant to § 1252, the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5), with respect to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States," id. § 1252(b)(9). This jurisdictional bar, however, is premature as removal proceedings are ongoing; and, therefore a final order has not yet been entered.

Next, Defendants argue that Plaintiff fails to state a claim for a procedural due process violation. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). A plaintiff, however, may "plead himself out of court by pleading facts that show that he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

Here, Plaintiff alleges that Defendants violated the due process clause of the Fifth Amendment insofar as the denial of his Form I-485 "demonstrates an erroneous deprivation of his interest in lawful permanent residence." Compl. ¶ 68. "[I]n order to make a valid due process claim, a claimant must have a liberty or property interest in the outcome of the proceedings." Hamdan v. Gonzales, 425 F.3d 1051, 1061 (7th Cir. 2005) (internal quotation marks and citation omitted). It is well established that "an alien's right to due process does not extend to proceedings that provide only discretionary relief, and the denial of such relief does not violate due process." Id. (citation omitted); see also Darif v. Holder, No. 12-1050, 2014 WL 24037, at *6 (7th Cir. Jan. 2, 2014) ("We have repeatedly held that the opportunity for discretionary relief from removal is not a protected liberty interest because aliens do not have a legitimate claim of entitlement to it." (citations omitted)). Because adjustment of status is a form of discretionary relief, Plaintiff's due process claim fails as a matter of law. Hamdan, 425 F.3d at 1061. In any event, as Plaintiff concedes, he is entitled to renew his Form I-485 before the immigration court, which is subject to plenary and independent consideration before the Board of Immigration Appeals; and, therefore he continues to receive all process required by statute and regulations. "If the agency should fall short, then § 1252(a)(2)(D) would allow [the

3

Seventh Circuit] to provide relief on statutory grounds; the lack of a constitutional liberty or property interest would not matter." Portillo-Rendon v. Holder, 662 F.3d 815, 817 (7th Cir. 2011). Plaintiff's due process claim is therefore dismissed.

Finally, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's request for declaratory judgment because the Declaratory Judgment Act provides only a judicial remedy—it does not confer subject matter jurisdiction. See, e.g., Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995). Because there is no independent basis for subject matter jurisdiction, Plaintiff's request for declaratory judgment is dismissed for want of jurisdiction.

For the foregoing reasons, this case is dismissed. IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 27, 2014